**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
             *Plaintiff-Appellee*,

v.

KEITH RICHARD FAHERTY,
             *Defendant-Appellant*.

No. 12-30340

D.C. No.
4:04-cr-00002-
SEH-1

ORDER

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted
April 7, 2014—Seattle, Washington

Filed April 18, 2014

Before: Michael Daly Hawkins, Johnnie B. Rawlinson,
and Carlos T. Bea, Circuit Judges.

## SUMMARY[*]

### Habeas Corpus/Mandamus

The panel construed a request for *coram nobis* relief as a petition for a writ of mandamus to the district court and granted it, vacating the district court's order denying relief from travel restriction and ordering the district court to grant Keith Faherty permission to apply for a new or replacement passport.

The panel explained that the district court's assumption of jurisdiction over Faherty's passport application was clearly erroneous. Faherty had completed his sentence and term of supervised release, and no case involving him was pending before the district court.

### COUNSEL

Helge Naber, Great Falls, Montana, for Defendant-Appellant.

Paulette L. Stewart (argued) and J. Bishop Grewell, Assistant United States Attorneys, Michael W. Cotter, United States Attorney, Helena, Montana, for Plaintiff-Appellee.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**ORDER**

We construe Keith R. Faherty's request for *coram nobis* relief as a petition for issuance of a writ of mandamus to the district court. *See, e.g.*, *United States v. Span*, 75 F.3d 1383, 1386 (9th Cir. 1996) (converting a *coram nobis* petition into a habeas petition). So construed, the petition is granted.

In *Bauman v. United States District Court*, 557 F.2d 650 (9th Cir. 1977), we held that the remedy of mandamus is justified in "exceptional circumstances amounting to a judicial usurpation of power . . . " *Id.* at 654 (citation and internal quotation marks omitted). We identified "five specific guidelines" for consideration:

> (1) The party seeking the writ has no other adequate means, such as a direct appeal, to attain the relief he or she desires. (2) The petitioner will be damaged or prejudiced in a way not correctable on appeal. (This guideline is closely related to the first.). (3) The district court's order is clearly erroneous as a matter of law. (4) The district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules. (5) The district court's order raises new and important problems, or issues of law of first impression.

*Id.* at 654–55 (citations omitted). At oral argument, the government conceded that the only guideline not met is the fourth — an "oft-repeated error" or "persistent disregard of the federal rules."

"Although these guidelines are helpful," they by no means dictate a particular outcome. *Id.* at 655 (describing the issuance of a writ of mandamus where "[t]he district judge's assumption of jurisdiction . . . was clearly erroneous and amounted to judicial usurpation of power") (citing *Hartland v. Alaska Airlines*, 544 F.2d 992 (9th Cir. 1976)). In this case, the district court's assumption of jurisdiction over Faherty's passport application was also clearly erroneous. *See id.* Faherty had completed his sentence and his term of supervised release. No case involving Faherty was pending before the district court. In this circumstance, by continuing to deny Faherty the opportunity to pursue his right to travel, the district court judge engaged in the "judicial usurpation of power," thereby warranting the extraordinary remedy of mandamus. *Id.*

Accordingly, the order of the district court denying Defendant's Petition for Relief From Travel Restriction and Permission, filed on October 29, 2012, is **VACATED.** The district court is hereby **ORDERED** to forthwith, and without limitation or restriction, grant Faherty permission to apply for a new or replacement passport. The United States Department of State can then determine whether a passport should be issued to Faherty.[1]

**PETITION GRANTED; WRIT OF MANDAMUS ISSUED TO THE DISTRICT COURT.**

---

[1] Our writ of mandamus is directed only to the district court. Whether, once it receives Faherty's application, the Department of State issues the passport is a matter for that agency to address in the first instance, and we leave that matter to the normal administrative process.